UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL MILLER, *et al.*,

                  Plaintiffs,

     v.

ANTHONY ANNUCCI, *et al.*,

                  Defendants.

No. 17-CV-4698 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Pro se Plaintiffs Daniel Miller ("Plaintiff") and Mary Miller bring this Action pursuant to 42 U.S.C. § 1983, alleging that Defendants—a series of current and former employees of the New York State Department of Corrections and Community Supervision ("DOCCS")—violated Plaintiff's constitutional rights while he was incarcerated at Green Haven Correctional Facility. (*See generally* Second Am. Compl. ("SAC") (Dkt. No. 166).)  On September 24, 2021, the Court granted in part and denied in part Defendants' Motion for Summary Judgment on exhaustion ("SJ Opinion"), (*see* Op. & Order (Dkt. No. 359)), in which the Court, inter alia, (1) notified Plaintiff that he must request an extension of time to serve three defendants who had not yet been served (C.O. Griffiths, Sergeant Anspach, and Lieutenant Hann (the "Unserved Defendants")) within 30 days or risk dismissal of his claims against them, (*see id.* at 15–16); and (2) granted summary judgment for Defendants on Plaintiff's claim of supervisory liability against Anthony Annucci for allegedly maintaining an unofficial custom or policy of permitting abuse and harassment of inmates who are LGBT, are sex offenders, or submit grievances (the "Annucci Claim") for failure to exhaust, (*see id.* at 6, 10–15).  The Court also scheduled a status conference for October 20, 2021.  (*See id.* at 37.)

At the October 20, 2021 status conference, Plaintiff notified the Court that he had recently sent a letter to the Court concerning the Unserved Defendants and planned to submit a motion to reconsider the Court's ruling on the Annucci Claim.  (*See* Dkt. (minute entry for Oct. 20, 2021).)  On October 22, 2021, the Court received Plaintiff's letter concerning the Unserved Defendants, in which Plaintiff informed the Court that he had "in [his] possession copies of a letter which [he] sent [to the Court] long before the Motion for Summary Judgment was filed seeking that [the Court] issue an order of service for the [Unserved Defendants]." (Dkt. No. 363.)  On November 12, 2021, the Court received Plaintiff's Motion for Reconsideration of the Annucci Claim, in which Plaintiff argues that the Annucci Claim is "Prison Rape Elimination Act ('PREA') related, and therefore, NON GRIEVABLE," and attached what Plaintiff claims is relevant new evidence.  (Dkt. No. 370 at unnumbered 1, 4–20 (capitalization in original).)  Plaintiff also attached the previously-referenced letter dated January 29, 2019 requesting that the Court issue an Order of Service for the Unserved Defendants, (*see id.* at unnumbered 3), and sought permission to file a supplemental complaint with additional facts in support of the Annucci Claim, (*see id.* at unnumbered 1–2).

Defendants responded to each of Plaintiff's letters.  As to the issue of the Unserved Defendants, Defendants argue that "Plaintiff's letter does not make a request but only informs the Court that he has a letter in his possession requesting the Court to issue an Order of Service for the [U]nserved [D]efendants," and "Plaintiff has not shown any good cause as to why he did not request the Court to issue a summons for the [U]nserved [D]efendants before October 20, 2021."  (Dkt. No. 365 at 1, 2.)  Defendants also argue that the Unserved Defendants "are highly prejudiced as it has been 3-4 years since the alleged incidents, and 3 years since the filing of the SAC."  (*Id.* at 2.)  As to the issue of the Annucci Claim, Defendants argue that Plaintiff failed to

"'point to controlling decisions or data that the [C]ourt overlooked,'" as required to justify reconsideration.  (Dkt. 372 at 1 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).)

## I.  Analysis

### A.  The Unserved Defendants

Under Federal Rule for Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed," the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  "But if the plaintiff shows good cause for the failure, the [C]ourt must extend the time for service for an appropriate period."  *Id.*  "Good cause is generally limited to exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [his] control."  *Rutherford v. Fla. Union Free Sch. Dist.*, No. 16-CV-9778, 2019 WL 1437823, at *20 (S.D.N.Y. Mar. 29, 2019) (quoting *Barbosa v. City of New York*, No. 16-CV-7340, 2018 WL 4625620, at *2 (S.D.N.Y. Sept. 26, 2018)).  "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay."  *Id.* (quoting *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010)).  Moreover, as the Court explained in the SJ Opinion, "district courts 'have discretion to grant extensions, and may do so even in the absence of good cause.'"  (Op. & Order 15 (quoting *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012)).)

The SAC was docketed on October 12, 2018, (*see* SAC)—over three years ago—and to this day, the Unserved Defendants have not been served, (*see* Dkt.).  As such, Plaintiff has clearly failed to comply with Rule 4(m), and the Court finds that Plaintiff has failed to demonstrate good cause for this failure.  The extent of Plaintiff's efforts to serve the Unserved

Defendants appears to be the letter Plaintiff claims he sent to the Court on January 29, 2019 requesting that the Court issue an Order of Service for the Unserved Defendants.  (*See* Dkt. No. 370 at unnumbered 3.)  However, the docket reflects the fact that the Court never received this letter, (*see* Dkt.), and it is Plaintiff's responsibility to ensure that all defendants are served, even if he is relying on the Marshal's Service to effect service.  *See Meilleur*, 682 F.3d at 63 ("If a plaintiff proceeding [in forma pauperis] chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the Marshals will not accomplish this by the Rule 4(m) or court-ordered deadline, she must advise the district court that she is relying on the Marshals to effect service and request a further extension of time for them to do so.").  Moreover, Plaintiff received ample notice—even after apparently sending this letter—that the Unserved Defendants were not served, including in the Defendants' briefing on Defendants' Motion for Summary Judgment and the Court's SJ Opinion.  (*See* Defs.' Mem. in Supp. of Mot. for Summ.  J. 1 n.1 (Dkt. No. 331) ("Based upon a review of the docket, [the Unserved Defendants] have not been served and no summons has been issued."); *see also* Op. & Order 15 ("Defendants accurately note that [the Unserved Defendants] have not been served.").)  And on the other hand, Defendants correctly note that the Unserved Defendants are highly prejudiced by the delay given the amount of time that has passed.

The Court exercised its discretion to provide Plaintiff with a 30-day window to request an extension of time to serve the Unserved Defendants in the SJ Opinion, and warned Plaintiff that his failure to do so could result in dismissal.  (*See* Op. & Order 16.)  While Plaintiff sent a letter to the Court within that time period, he failed to request an extension or otherwise make any effort to serve the Unserved Defendants.  (*See* Dkt. No. 363.)  The Court declines to grant an additional discretionary extension of time to serve the Unserved Defendants, and Plaintiff's

claims against the Unserved Defendants are dismissed.  *See, e.g.*, *Tung v. Hemmings*, 19-CV-5502, 2021 WL 4147419, at *6 (E.D.N.Y. Sept. 13, 2021) (declining to grant discretionary extension of time to serve the defendants to the pro se plaintiff where "[the] [p]laintiff has not offered a colorable excuse for his neglect" and "[the] [p]laintiff . . . *never* effected proper service on the defendants, even though he [had] been on notice of the deficient service for over 19 months" (quotation marks omitted)); *Bell v. Deutsche Bank*, No. 18-CV-1593, 2019 WL 4917901, at *4 (E.D.N.Y. Sept. 30, 2019) (declining to grant discretionary extension of time to serve the defendants to the pro se plaintiff over 20 months after the complaint was filed, because "the instant motion clearly put [the] plaintiffs on notice that service had not been effectuated appropriately" and the plaintiffs "offer no explanation for their failure to effect proper service"); *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 323 (S.D.N.Y. 2016) (declining to grant discretionary extension of time to serve the defendants to the pro se plaintiffs over 11 months after the amended complaint was filed where "[the] [p]laintiffs have been on notice for a substantial period of time that their method of service could be defective and that their claims could be dismissed on that basis").

    B.  The Annucci Claim

    "Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."  *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp.*, 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013) (citation omitted), *aff'd*, 577 F. App'x 11 (2d Cir. 2014).  A movant may not "rely upon facts, issues, or arguments that were previously available but not presented to the court."  *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014).  Nor is a motion for

reconsideration "the proper avenue for the submission of new material." *Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000). "Rather, to be entitled to reconsideration, a movant must demonstrate that the Court overlooked controlling decisions or factual matters that were before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the [C]ourt." *Arthur Glick*, 965 F. Supp. 2d at 405 (citation omitted). In other words, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Alvarez v. City of New York*, No. 11-CV-5464, 2017 WL 6033425, at *2 (S.D.N.Y. Dec. 5, 2017) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).

The Court agrees with Defendants that Plaintiff has not met this standard. In seeking reconsideration, Plaintiff appears to concede that he failed to exhaust the Annucci Claim, but argues that when he "first attempted to raise the [Annucci Claim]," he "was told that these were PREA Claims and NON GRIEVABLE." (Dkt. No. 370 at unnumbered 1.) Apparently as support for this claim, Plaintiff argues that "[w]hen [he] arrived at the Franklin Correctional Facility and received counsel's motion for a summary judgment [sic], [he] decided to <u>once again</u> attempt to administratively exhaust these claims through the prison grievance process," and was "provided with documentation that these claims are NON GRIEVABLE through the Administrative Remedy/Grievance process." (*Id.* (emphasis in original).) Plaintiff then attaches what appears to be that documentation. (*Id.* at unnumbered 4–20.) But in so doing, Plaintiff fails to "identif[y] an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Alvarez*, 2017 WL 6033425, at *2 (quotation marks omitted). Plaintiff does not cite to any case law; the "evidence" Plaintiff

attaches is neither relevant (since it concerns Plaintiff's incarceration at Franklin Correctional Facility, when this Action concerns Plaintiff's incarceration at Green Haven) nor "new" (since the various paperwork is all from late 2019, or approximately one year before Plaintiff filed his opposition to Defendants' Motion for Summary Judgment, (*see* Dkt. Nos. 333, 341, 342)); and Plaintiff's conclusory statement that he "was told" that the Annucci Claim was non-grievable does not convince the Court that there is a need to correct a clear error or prevent manifest injustice.  Plaintiff's motion for reconsideration is denied.[1]

## II.  Conclusion

For the foregoing reasons, the Court dismisses Plaintiff's claims against the Unserved Defendants and denies Plaintiff's motion for reconsideration of the Court's ruling on the Annucci Claim.  The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   January 13, 2022
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

---

[1] Plaintiff also appears to interpose a request to file a supplemental complaint concerning an issue from December 2017, which Plaintiff argues "relates back to the 'Policy or Custom' issue" underlying the Annucci Claim.  (Dkt. No. 370 at unnumbered 1–2.)  Because the Court has declined to reconsider the portion of the SJ Opinion dismissing the Annucci Claim for failure to exhaust, any additional allegations purportedly in support of the Annucci Claim are not relevant.  As such, the Court denies Plaintiff's request to file a supplemental complaint.