UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL MILLER, *et al.*,

                              Plaintiffs,

            -v-

ANTHONY ANNUCCI, *et al.*,

                              Defendants.

No. 17-CV-4698 (KMK)

<u>ORDER OF DISMISSAL</u>

---

KENNETH M. KARAS, United States District Judge:

On June 14, 2022, the Court held a pre-motion conference in anticipation of a Motion for Summary Judgment.  (Dkt. (minute entry for June 14, 2022).)  Plaintiff Daniel Miller did not appear.  (*Id.*)  On July 19, 2022, Defendants filed a Suggestion of Death pursuant to Federal Rule of Civil Procedure 25(a)(1), notifying the Court of the death of Plaintiff Daniel Miller on or about May 26, 2022.  (Dkt. No. 389.)  On July 22, 2022, this Court stayed all pending deadlines in this Action until Mr. Miller's estate appeared to prosecute this Action.  (Dkt. No. 390.)  On October 20, 2022, the Court issued an Order To Show Cause to show cause as to why his case should not be dismissed for failure to prosecute.  (Dkt. No. 393.)  Plaintiff's estate has yet to file an appearance in this Action, and no party has otherwise communicated with the Court on behalf of Plaintiff.

This Court has the authority to dismiss a case for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order."  *See id*.  Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the

inherent authority to dismiss for failure to prosecute sua sponte.  *See LeSane v. Hall's Sec.*

*Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626,

630 (1962)).

In addition, Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that:

[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. Proc. 25(a)(1).

The Second Circuit has held that Rule 25(a)(1) "does not require that the statement [of

death] identify the successor or legal representative; it merely requires that the statement of death

be served on the involved parties."  *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir.

1998).  "District courts in this Circuit have extrapolated from this principle to conclude that

service on a deceased party's successors is not necessary in order for a case to [be] dismissed as

against the deceased party pursuant to Rule 25."  *Simons v. Commissioner of Soc. Sec.*, No. 17-

CV-4844, 2021 WL 4711324, at *10 (S.D.N.Y. 2021), *report and recommendation adopted by*

2021 WL 4710815 (S.D.N.Y. 2021).

Pursuant to Fed. R. Civ. Proc. 25(a)(3), service on parties is to be made in accordance

with Fed. R. Civ. Proc. 5, which permits service by mail "to the person's last known address – in

which event service is complete upon mailing."  Fed. R. Civ. Proc. 5(b)(2)(C).  This is the case

regardless of whether the item is later returned as undeliverable.  *See Harris v. Slocum*, No. 14-

CV-6260, 2021 WL 5166184, at *1 (W.D.N.Y. Nov. 5, 2021) (finding that the defendants'

mailing of the Suggestion of Death to plaintiff's last known address "was sufficient to satisfy the

requirement of serving [the] plaintiff under Rule 25, even though it was returned as

undeliverable); *Pastorello v. City of New York*, No. 95-CV-470, 2000 WL 1538518, at *2

2

(S.D.N.Y. 2000) (describing the "de minimis standard to which suggesting parties are held" in the Second Circuit); *Izzarry v. Sullivan*, No. 87-CV-8502, 1989 WL 74410, at *1 (S.D.N.Y. 1989) (defendant is entitled to judgment dismissing the case under Rule 25 where defendant "mailed a copy of the suggestion of death to plaintiff's last known address, and the envelope was returned by the United States Postal Service," whereafter no motion for substitution was timely filed).

The Court concludes that, because no one has timely moved to be substituted for plaintiff or otherwise responded to the October 20, 2022 Order directing timely substitution, dismissal of the Second Amended Complaint is warranted, pursuant to Fed. R. Civ. Proc. 25(a)(1) and/or Fed. R. Civ. Proc. 41(b).  However, "[b]ecause the plaintiff proceeded pro se and the suggestion of death and subsequent Order . . . were served only on the deceased plaintiff at h[is] last known address, the Court cannot know with certainty at this stage whether a legal successor exists who may attempt to substitute for the plaintiff and renew the case."  *Miller v. DCM, Inc.*, No. 4-CV-1931, 2007 WL 959509, at *1 (S.D.N.Y. 2007) (dismissing matter pursuant to Fed. R. Civ. Proc. 25(a)(1) without prejudice, in order to preserve the remedy of an enlargement of time under Fed. R. Civ. Proc. 6(b), in the event a successor or legal representative comes forward); *see also Harris*, 2021 WL 5166184 at *2 (dismissing matter under Rule 41(b) without prejudice, where estate representatives did not respond to the Suggestion of Death or to correspondence from the court after four months); *Steward v. City of New York*, No. 8-CV-2254, 2009 WL 10706642 at *2–4 (E.D.N.Y. 2009) (Rule 25 does not mandate dismissal with prejudice, and "gives courts flexibility to tailor the type of dismissal to the facts of the case").

Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. Proc. 25(a)(1) and 41(b).

SO ORDERED.

Dated:  December 14, 2022
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE